## James Watson v. Charles B. Stever.

*Personal property : Trespasser : Assumpsit ; Implied promise.* Assumpsit will not lie for the value of personal property, against a trespasser who has wrongfully taken, and still retains, the same in his possession. The law will not imply a promise when the circumstances repel all implication of a promise in fact.

When the trespasser has sold or disposed of the property, and received money or money's worth for it, the owner may waive the tort, and affirm the sale, as made on his behalf, and recover the proceeds in an action of assumpsit.

*Heard July 8. Decided July 13.*

Error to Saginaw Circuit.

*McDonell & Cobb,* for plaintiff in error.

*William A. Clark,* for defendant in error.

COOLEY, J.

Stever, as assignee of one Sheldon, sued Watson in assumpsit to recover the value of logs which Watson had taken possession of, claiming to have bought of third persons. There is no dispute that, if the logs belonged to Sheldon, Watson was liable for their value in trespass or trover; but there had never been any promise on his part to pay Sheldon for them, and, on the contrary, he had always denied his right. If there was any exception to this statement, it was on one occasion when Sheldon's agent

demanded certain logs, and Watson said, if the agent could identify any in his possession as belonging to Sheldon, he would pay for them. One was identified and paid for, and the agent said more of them belonged to Sheldon, but as he could not identify them, Watson refused to recognize any further right. It was not shown that Watson had sold any of the logs. The circuit judge charged the jury, that if they found Sheldon owned the logs, and they were used by Watson without Sheldon's consent, Watson was liable for the value, in this form of action. And he refused to charge, as requested by defendant, that if Watson took and retained the property under a *bona fide* claim of title in himself, the plaintiff could not recover in this action.

There are not wanting decisions which support the rulings of the circuit judge; but the great weight of authority, as well as the tendency of recent decisions, is the other way. If one has taken possession of property, and sold or disposed of it, and received money or money's worth therefor, the owner is not compellable to treat him as a wrong-doer, but may affirm the sale, as made on his behalf, and demand in this form of action the benefit of the transaction. But we cannot safely say the law will go very much further than this in implying a promise, where the circumstances repel all implication of a promise in fact. Damages for a trespass are not in general recoverable in assumpsit; and in the case of the taking of personal property, it is generally held essential that a sale by the defendant should be shown.—*Jones v. Hoar,* 5 *Pick.,* 285; *Glass Co. v. Wolcott,* 2 *Allen,* 227 ; *Stearns v. Dillingham,* 22 *Vt.,* 627 ; *Mann v. Locke,* 11 *N. H.,* 248 ; *Smith v. Smith,* 43 *N. H.,* 536; *Willet v. Willet,* 3 *Watts,* 277 ; *Pearsoll v. Chapin,* 44 *Penn. St.,* 9 ; *Guthrie v. Wickliffe,* 1 *A. K. Marsh.,* 83 ; *Fuller v. Duren,* 36 *Ala.,* 73 ; *Sanders v. Hamilton,* 3

*Dana, 552; Barlow v. Stalworth, 27 Geo., 517; Pike v. Bright, 29 Ala., 332; Tucker v. Jewett, 32 Conn., 563; Emerson v. McNamara, 41 Me., 565; Morrison v. Rogers, 2 Scam., 317; O'Reer v. Strong, 13 Ill., 688; Elliott v. Jackson, 3 Wis., 649.* The case of *Fiquet v. Allison, 12 Mich., 330,* on which reliance was placed by defendant in error, is clearly distinguishable from this. There the parties stood in contract relations as tenants in common in respect to the property in question; and when the defendant appropriated his co-tenant's share, and refused to recognize his right therein, he was, as the court pointed out, guilty of breach of a duty which the law implied from his express contract. This case presents no corresponding feature, and to sustain an action as upon an implied contract here, would be to disregard the primary distinctions in the forms of action.

The judgment must be reversed, with costs, and a new trial ordered.

CAMPBELL and GRAVES, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.