## James Tolan v. Mary Eliza Hodgeboom.

*Waiver of tort and suit in assumpsit.*

Assumpsit does not lie for the value of goods taken and used but not disposed of by defendant for money or money's worth; but the owner can bring trespass for the taking or trover for the goods.

Error to Allegan. Submitted April 5. Decided April 16.

Assumpsit. Defendant brings error.

*Bronson Schoonmaker* for plaintiff in error.

*Jacob V. Rogers* for defendant in error. Assumpsit lies for the value of property taken and used. *Beardslee v. Horton*, 3 Mich., 560; *Spencer v. Towles*, 18 Mich., 9; *Fiquet v. Allison*, 12 Mich., 328; *Welch v. Bagg*, 12 Mich., 41; *Twitchell v. Drury*, 25 Mich., 393.

GRAVES, J. Mrs. Hodgeboom as assignee of her father brought this suit upon the common counts against Tolan for the value of certain wheat her father had raised on shares, and which Tolan, on the claim of having purchased of one Richards, seized and consumed. The evidence is that Tolan made no transfer of any of the wheat and never received any thing for it. He used part of it for seed and applied the rest to domestic uses. If Mrs. Hodgeboom owned it, he was liable for the value in trespass or trover. He never promised her to pay for it. He based his interference upon his purchase from Richards. The court charged in substance that if the wheat belonged to Mrs. Hodgeboom, and being aware of her rights, Tolan either used or sowed the wheat, he was liable in this action.

I am unable to distinguish this case from *Watson v. Stever*, 25 Mich., 386, and we there held that assumpsit was not maintainable. That case contained no evidence that the defendant had sold the property, but there was evidence tending to show he had retained and used it, and the judge instructed the jury the plaintiff might recover in that form of action if his assignor owned the property and the defendant "used" it without his consent. In passing upon the point, the opinion of the court said: "If one has taken possession of property, and sold or disposed of it, and received money or money's worth therefor, the owner is not compellable to treat him as a wrong-doer, but may affirm the sale as made on his behalf and demand in this form of action the benefit of the transaction. But we cannot safely say the law will go very much further than this in implying a promise, where the circumstances repel all implication

of a promise in fact.    Damages for a trespass are not in general recoverable in assumpsit; and in the case of the taking of personal property, it is generally held essential that a sale by the defendant should be shown."
The other questions become immaterial.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.