## PATRICK McLAUGHLIN v. JAMES SALLEY.

*Assumpsit for tenant's share of crop of wheat—Testimony as to reputation for truth and veracity.*

After a lease was cancelled the landlord told the tenant to put in and harvest fall wheat, and promised that he should have his just and lawful share of it, but afterwards harvested and kept it himself. *Held,* that they were tenants in common of the wheat under a valid agreement, and that the tenant could maintain *assumpsit* on the common counts for the value of his share.

After a witness, called to sustain the credit of a party, has testified that he is acquainted with him and has lived in his neighborhood for many years but does not know his reputation for truth and veracity, he may also be asked whether he has ever heard it questioned

Error to Wayne. Submitted April 15.    Decided June 15.

ASSUMPSIT. Defendant brings error. Reversed.

*Hawley & Firnane* for plaintiff in error. Assumpsit does not lie for wheat wrongfully taken unless it has been

converted into money: *Watson v. Stever* 25 Mich. 387; a jury should have a chance to learn the character of a witness from those who know him: *Phillips v. Kingfield* 19 Me. 375; and a witness as to character should be allowed to say whether he has ever heard it questioned: *Bucklin v. State* 20 Ohio 18; *Hadjo v. Gooden* 13 Ala. 718; *Dave v. State* 22 Ala. 23; *Boon v. Weathered* 23 Tex. 675.

*W. B. Jackson* for defendant in error.

MARSTON, C. J.   Salley brought suit in justice's court, declared upon the common counts and filed a bill of particulars.   After judgment the case was appealed to the circuit, where judgment was rendered in favor of the plaintiff, and the defendant now asks for a reversal because of two alleged errors.

The plaintiff gave evidence tending to show possession of a farm belonging to the defendant under a lease, which was subsequently cancelled, that after the lease was cancelled the defendant told the plaintiff to go and put in fall wheat upon the farm, and that when harvested, he (plaintiff) should have his just and lawful share of it; that acting thereon he put in seven and a half acres of fall wheat, furnishing manure, seed, and all the necessary labor in putting it in; that when the wheat was ready to harvest he went on to harvest it, when the defendant ordered him away, harvested and kept the wheat.   He also gave evidence as to the quantity, value, and his share or interest therein.

This evidence was objected to—1. Because not admissible under the declaration;  2. Because the supposed agreement was void under the statute of frauds; and 3. Because the language of defendant on which the plaintiff relied was too uncertain and indefinite to constitute a contract between the parties.

In this court counsel have insisted that as there was no evidence given tending to show that defendant had converted the wheat into money or money's worth, the plaintiff could not maintain *assumpsit*, and if he could he must have declared upon the special contract.   If an action of *assump-*

*sit* could be maintained I can see no objections to a declaration and recovery upon the common counts. The plaintiff in error relied upon *Watson v. Stever* 25 Mich. 386, as preventing a recovery in this form of action where the property has not been converted into money. *Tolan v. Hodgeboom* 38 Mich. 624, may also be referred to. In both of these cases no contract relations had ever existed between the parties for any purpose, and it was therefore very properly held that under the facts in those cases *assumpsit* could not be maintained. In this case, however, the evidence tended to show a valid agreement between the parties under which they became and were, if the testimony of the plaintiff was believed, tenants in common of the wheat, and thus the case was clearly brought within the ruling in *Fiquet v. Allison* 12 Mich. 330, and *Coe v. Wager* 42 Mich. 52.

The plaintiff below having sought to impeach the reputation of the defendant for truth and veracity, one George McMillan was called as a witness on behalf of the latter, and having testified that he was acquainted with the defendant and had lived in the same neighborhood for twenty-five years, but was unable to say whether he knew his reputation for truth and veracity in the neighborhood, he was then asked by defendant's counsel, " Did you ever hear McLaughlin's reputation for truth and veracity questioned ?" This was objected to and the objection sustained. This was error as expressly decided in *Lenox v. Fuller* 39 Mich. 268, and for the reasons there given.

For this error the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.