## CHARLES MCDONALD v. GEORGE MCDONALD.

*Assumpsit—Waiver of tort—Evidence—Impeachment.*

1. On the trial of an action of assumpsit involving the examination of an open account between the parties, the plaintiff gave testimony tending to show that he had placed in defendant's hands a stock of liquors and cigars, which defendant had converted to his own use.

    *Held,* that a motion to strike out this testimony on the grounds that the witness had testified that he never sold the liquor and cigars to the defendant, and that the declaration contained no waiver of the tort, was properly refused.

2. Immaterial matter cannot be introduced into a case for the purpose of impeaching a witness.

Error to Isabella. (Hart, J.) Argued July 6, 1887. Decided October 6, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles T. & F. Russell* and *Dodds Brothers,* for appellant.

*Graves & Brown* and *Albert Trask,* for plaintiff.

CHAMPLIN, J. This is a controversy between father and son. There are 28 errors assigned,—5 to the rulings of the court upon the admission and rejection of testimony, and the balance to the charge of the court.

The investigation involved an examination and proof of mutual dealings between the parties, extending over a number of years, and numerous items of account.

The trial commenced upon the first of March, 1886, and ended on the sixth, and resulted in a verdict and judgment for plaintiff.

We have given to the several assignments of error careful attention, and are unable to discover any error in the rulings or charge of the court which tended in any degree to prejudice the defendant's rights.

The declaration was upon the common counts in assumpsit, under which a bill of particulars was filed containing 32 items.

The defense was the general issue, and notice of offset, embracing the common counts in assumpsit, under which a bill of particulars was furnished containing 43 items.

Plaintiff gave evidence tending to prove that he performed labor for defendant, and was asked, "How much were your services worth?" and was permitted to answer, against defendant's objection, and this is assigned as error. The question was proper.

He also gave testimony tending to show that he had placed in defendant's hands a stock of liquors and cigars, and that defendant had converted them to his own use. Defendant moved to strike out this testimony, because the witness testified that he had never sold said stock of liquors and cigars to defendant, and because there was no allegation in the declaration that he had waived the tort; which request the court refused. We perceive no error in this ruling.

On cross-examination of Charles McDonald by counsel for defendant, he asked the witness whether he did not, at the time he went to St. Louis in the livery business, give a chattel mortgage to Hudson D. McCabe on the bar fixtures, etc., which fixtures are mentioned in his bill of particulars, and he answered that he had not given any such. When defendant came to make his case, he offered in evidence the files of the office of the clerk, showing a chattel mortgage by Charles McDonald to Hudson D. McCabe, dated the twenty-sixth day of February, 1876; also one made by Charles McDonald to said McCabe, of St. Johns, on the seventeenth of July, 1877,

and one made July 7, 1886 ; also an assignment running from McCabe to George McDonald.   The court inquired:

" Do they relate to anything that has not been stricken out of the plaintiff's case?"

The defendant's counsel replied:

" At the time the testimony was given, they were in the case, and remained there until the plaintiff rested his case. We offer this now as a written statement, over the plaintiff's own signature, for the purpose of impeaching him."

Counsel for plaintiff objected to the introduction of the testimony as incompetent, irrelevant, and immaterial, and the court sustained the objection.   No claim was made under the chattel mortgages, and they were entirely immaterial to the issue between these parties.

The rule is well settled that immaterial matter cannot be introduced into a case for the purpose of impeaching a witness.   For the same reason it was not error to exclude the evidence as to what Charles McDonald swore to in April, 1878, in a suit between one Whitney and George McDonald.

The circuit judge, with great care and impartiality, presented to the jury the claims of the respective parties, giving the several items which they claimed, *seriatim*.   This was proper in a trial extending over such a length of time and involving so many items.   A more fair and careful presentation of a complicated case to a jury we have seldom seen.

The exceptions taken to the charge are overruled, and the judgment is affirmed.

The other Justices concurred.