THE ALDINE MANUFACTURING COMPANY (A CORPORA-
TION) v. BERTRAM. W. BARNARD.

*Sale—Warranty—Rescission — Fixtures — Conversion — Waiver of tort—Assumpsit.*

1. It is now well settled in this State that whether an article attached to the freehold becomes a fixture depends largely upon the intention of the parties. *Crippen v. Morrison,* 13 Mich. 23; *Robertson v. Corsett,* 39 Id. 777; *Wheeler v. Bedell,* 40 Id. 693; *Ferris v. Quimby,* 41 Id. 202; *Manwaring v. Jenison,* 61 Id. 117; *Stevens v. Rose,* 69 Id. 259.

2. In a suit to recover for a bill of goods sold to the defendant, he resisted payment for a portion of the goods on the ground that they were purchased under a specific warranty, which they failed to fill, and claimed damages by way of recoupment. Plaintiff conceded that the remainder of the goods had been paid for, or a tender made of the balance due therefor, and that if the goods were sold under a warranty, as claimed by the defendant, he was entitled to a judgment of no cause of action. The case was tried upon this issue, the court holding that the defendant's tender precluded him from recovering any judgment under his notice of recoupment; and defendant recovered a judgment of no cause of action. And it is held that the suit was not a bar to an action by the plaintiff to recover the value of the goods covered by the warranty on the refusal of the defendant to surrender possession of the same.

3. On the refusal of a purchaser, who has rescinded a contract for the sale of personal property, to deliver the property to the vendor, he may waive the tort and sue in *assumpsit* for its value (*Tuttle v. Campbell,* 74 Mich. 652); which action can be maintained on the common counts (*McLaughlin v. Salley,* 46 Id. 219), even though the declaration does not set forth such waiver (*McDonald v. McDonald,* 67 Id. 122).

Error to Kent. (Grove, J.) Argued January 16, 1891. Decided February 27, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*M. H. Walker,* for appellant.

*More & Wilson,* for plaintiff.

LONG, J.   This cause was tried in the Kent circuit court without a jury, and the court found the following facts and conclusions of law:

"1. On the 21st day of October, A. D. 1887, plaintiff sold to defendant a bill of Aldine grates, mantels, and hearths, to be placed in a block of tenement-houses owned by defendant in the city of Grand Rapids.  This bill of goods includes three No. 18 grates.  No time was given or asked on said bill, and on November 1, 1887, defendant paid one hundred dollars by check generally upon said bill, and it was so applied.

"2. In February, 1889, plaintiff brought suit in *assumpsit* against defendant in justice's court, to recover the balance due on the bill, and declared on the common counts only, filing the following bill of particulars as its only claim:

"GRAND RAPIDS, MICH., February 27, 1889.
"BERTRAM W. BARNARD,

"In account with Aldine Manufacturing Company.

1887.

| | | |
|---|---|---:|
| Oct. 21. | To 3 No. 18 Aldine fire-places | |
| | To 1 No. 22 Aldine fire-place | |
| | To 4 mantels | $200 00 |
| | To 4 tile hearths | |
| | To 11 hours springing arches | 5 00 |
| | To sand 25c; cement $1 00 | 1 25 |
| | To ½ barrel calc. plaster | 1 10 |
| | To fire clay | 20 |
| | To four hours tearing out Bissel grate from house | 2 00 |
| | To mason and tender setting No. 22 grate in house | 4 00 |
| 1887. | | $214 05 |
| Nov. 1. | By cash | 100 00 |
| | | $114 05 |
| | To 1 yr. 4 months inst. at 6 p. c. | 9 12 |
| | Balance | $123 17 |

"This suit resulted in a judgment of no cause of action, and an appeal was taken from such judgment to the circuit court for the

county of Kent. Said cause came on for trial on the 8th day of June, 1889, before me and a jury. On the trial of said cause defendant testified he had paid in full for said bill of goods, except said 3 No. 18 grates. It was admitted by plaintiff that if the jury should find that on the sale of said grates plaintiff warranted them, as claimed by defendant in his testimony, plaintiff could not recover for said 3 No. 18 grates. Plaintiff then and there admitted that said grates would not fulfill the warranty as claimed by the defendant, and, upon said admission being made by plaintiff, the court ruled that the evidence should be confined to the question of whether the warranty testified to by defendant was in fact made, and the defendant, having tendered $18.02 as the amount admitted to be due, could not recover any judgment for damages against plaintiff under his plea of recoupment. Defendant thereafter testified that before the commencement of suit he had ordered plaintiff to remove said grates, for the reason that they were worthless, and would not work, and that defendant would not pay for them, to which plaintiff's manager and secretary replied that he would not do it; the grates were all right; and that defendant would have to pay for them. Said cause was tried and submitted to the jury on the theory that, if the warranty which defendant claimed was made when the grates were sold was in fact made, plaintiff could not recover, and that defendant could not recover damages on account of breach of said warranty, for the reason that his tender of the amount admitted to be due plaintiff would prevent such recovery. The court charged the jury as follows:

"'*Gentlemen of the Jury:* There is but a single question of fact for you to determine in order to dispose of this case. The sale of the goods and delivery and the price are undisputed. The defendant claims that the sale was accompanied by an express warranty that the grates would do the work of heating the rooms; that one grate would do the work of heating one suite of rooms. The plaintiff claims that no such warranty was given, but, upon the contrary, he stated, as he claims, to the defendant, at the time the selection of the grates was made, that he ought to take the larger size, as they would give better satisfaction. You have heard the testimony. Now, one of these claims is true, and the other is not. It was conceded on the trial that, if you should find that the warranty which the defendant claims was made was in fact made, the plaintiff has no right of action. Therefore all there is of the case, gentlemen, is for you to determine whether or not that warranty which the defendant relies on was made or not,— the warranty that the grates would do the work of heating the rooms. If you find that the warranty was made, as claimed by the defendant, your verdict will be "No cause of action;" if you find that it was not made, your verdict will be for the plaintiff for the amount of his claim, so far as it is proved by the evidence. I think there is no claim but that it is proved, with the exception of the $2.30; and I suppose you would concede, Mr. Walker, the plaintiff is entitled to recover $104.56?

"'*Mr. Walker.* I don't dispute the amount.

" ' *The Court*. Then if you find for the plaintiff your verdict will be for the plaintiff, and you are to assess his damages at $104.56. If you find for the defendant your verdict will be, " No cause of action."

" '*Mr. Walker*. You have used the term "warranty" all through. I would like to have it stated what the defendant testifies to constitutes a warranty.

" ' *The Court*. If you find that the agent, Mr. Phillips, assured the defendant, stated to him, that one of these grates would do the work of heating one of these suites of rooms, that would constitute a warranty. Swear an officer.'

" Under the instruction of the court said jury rendered a verdict of no cause of action, and judgment was entered accordingly, which judgment has never been appealed from or vacated.

" 3. After the termination of said suit plaintiff, by its manager, James T. Phillips, demanded from defendant said three grates. Defendant said in reply that he would refer the matter to Myron H. Walker, his attorney; and soon after plaintiff received a letter from said Walker, refusing, on behalf of defendant, to allow plaintiff to remove said grates, which letter is as follows:

" 'GRAND RAPIDS, MICH., 6-21, 1889.

" ' THE ALDINE M'F'G CO.,
" ' City,—

" ' *Gent'n*: Regarding your request for leave to take out and take away the Aldine grates in Mr. Barnard's house, I have to say that I find no authority of law or foundation of right for such action. These grates were solid unconditionally, on what the jury has determined was a false warranty, and by your own act were solidly built into the chimneys of Mr. Barnard's house, and have thereby become fixed parts of the house and the real estate, and could not be removed without great damage to the house. I fail, under these circumstances, to see what right you acquire to remove them simply because your warranty has been proved and found to be false, and Mr Barnard's damages to be at least as great as the balance claimed on your account, so that you were found to have already received your full pay. I cannot comply with your request, and, furthermore, I notify you that you will be held strictly accountable for all damages occasioned by any attempt to remove them.

" ' Very resp'y, M. H. WALKER.'

" Afterwards, and on the 25th day of June, 1889, said Phillips, on behalf of plaintiff, made demand upon defendant in the following language:

" ' You have in your block of houses on the corner of Court and Allen streets in the city of Grand Rapids, Michigan, three No. 18 Aldine fire-places or grates. The Aldine Manufacturing Co., of said city of Grand Rapids, is the owner of said three grates, and entitled to the possession thereof. In behalf of said company I hereby demand said grates, and that said company be allowed to remove said grates from said houses. On the part of said company I undertake, if this demand be granted by you, to remove said grates in a reasonable and careful manner, and at such time as shall best suit the convenience of yourself and the occupants of

said houses, and to remove said grates without injury to the man-
tels or hearths or any other property of yourself or tenants.'

"Said demand was in writing, but unsigned, and was read to,
but not left with, said defendant. Defendant refused to grant this
demand, and refused to allow plaintiff to remove said grates. I
further find that prior to the commencement of this suit defend-
ant had converted said three grates, the property of said plaintiff,
to his own use.

"4. Afterwards this suit was commenced in *assumpsit* by plaint-
iff before Thomas Walsh, justice of the peace, for the value of the
grates. Judgment was rendered for plaintiff for one hundred dol-
lars damages, and defendant appealed.

"5. I find that said three grates were worth at the time demand
was made as aforesaid the sum of eighty-five dollars, and that
interest on said sum to date amounts to $2.50.

"6. I further find that the whole bill of parcels, to wit, 1 No.
22 Aldine fire-place, 3 No. 18 Aldine fire-places, 4 tile hearths, and
4 mantels, mentioned in plaintiff's bill of particulars in said first
suit, were all included and sold by the terms of the original con-
tract of sale for the single price of $200 for the whole lot, which
also included the setting of the same in defendant's block, and
that said setting was in fact done by plaintiff and its agents at its
own expense. I further find that said grates are so placed that
they can be removed without material injury to defendant's prop-
erty, and that when said grates were placed in defendant's house
they did not become fixtures or a part of the real estate.

"CONCLUSIONS OF LAW.

"1. At the termination of the first suit brought by plaintiff
against defendant, resulting in a judgment of no cause of action,
the title to said three Aldine grates was in plaintiff, and plaintiff
was entitled to possession of the same.

"2. After demand and refusal to deliver up the grates, plaintiff
was entitled to maintain this action against defendant for the value
of said grates. Plaintiff is therefore entitled to judgment for
eighty-seven and 50-100 dollars, the value of the grates at the time
the demand was made, with interest and cost of suit."

Judgment was entered accordingly. Exceptions were
alleged to these findings of fact and conclusions of law.
It is insisted here—

1. That upon the facts found the grates became fix-
tures.

2. That the evidence does not sustain the finding that
the grates did not become fixtures.

3. That the former suit is a bar to this action.

4. That under the circumstances stated upon this record plaintiff could not waive the tort and maintain an action of *assumpsit*.

From a careful examination of the record we are all agreed that the evidence supports the finding that the grates did not become fixtures, and the court properly so found. The grates were sold, with other goods, as one parcel, and at an agreed price; but the grates were warranted to heat the rooms for which they were intended. The defendant paid for all the goods except the grates, and refused to pay for them because they did not fulfill the warranty. After receiving the goods he paid $100, and, when payment was demanded, he tendered to the plaintiff $18.02, balance unpaid on the goods except the grates, for which he refused to pay, and ordered the plaintiff to remove them. At this time he made no question but that the grates could properly be removed, and desired the plaintiff to do so, and made no claim that they were fixtures. The plaintiff denied that any such warranty was made, and therefore refused to take the grates. It is quite remarkable that during the whole controversy arising out of the first suit neither the defendant nor his counsel made any claim that the grates could not be removed without injury to the building, but, on the contrary, the defendant was demanding that they should be removed by the plaintiff. The question was never raised until after the termination of that suit, and even when demand was thereafter made the defendant made no such claim, but in reply to the demand stated that he would refer the matter to his attorney. It was then discovered by his attorney for the first time in the history of the case that the grates had become fixtures, and for that, among other reasons, the plaintiff could not have satisfaction for the property which defendant had of the plaintiff, and for which not one dollar had

been paid.  Taking these facts into consideration, as well as the manner in which the grates had been put in, it is quite evident that the defendant never intended to retain them until he was advised by his counsel that plaintiff could not, as a matter of law, take them out without injury to the freehold, and that plaintiff was barred from taking them by the result of the former suit.

It is true that there is no universal test whereby the character of what is claimed to be a fixture can be determined in the abstract; that neither the mode of annexation nor the manner of use is in all cases conclusive; yet these considerations are frequently of much importance in arriving at the intention of the parties, which is the real test.   It is now well settled in this State that whether an article attached to the freehold becomes a fixture depends largely upon the intention of the parties.  *Crippen v. Morrison,* 13 Mich. 23; *Robertson v. Corsett,* 39 Id. 777; *Wheeler v. Bedell,* 40 Id. 693; *Ferris v. Quimby,* 41 Id. 202; *Manwaring v. Jenison,* 61 Id. 117; *Stevens v. Rose,* 69 Id. 259.   Under the finding of the jury in the first proceeding the grates were sold under an express warranty.  It was conceded on that trial that they did not fulfill it, and the defendant testified that he ordered the plaintiff to take them out, which was not denied.   It is therefore a legitimate conclusion, and the only sensible conclusion which can be arrived at under these circumstances, that the sale was a conditional one, dependent upon the fact whether the grates would heat the rooms, which it is conceded they would not do.   Thus it clearly appears that the parties did not intend to make them fixtures, and this, coupled with the manner of their being affixed, must settle, and did settle in the mind of the trial court, the fact that they were not fixtures.  We see no error in this finding.

The court below was equally right upon the question

of the former suit not being a bar. The former suit was in *assumpsit* for the value of the goods sold, the bill of particulars of which is set out in the findings of the trial court. On that trial the defendant testified that he had paid in full for all the goods except the grates. The controversy was thus narrowed to the right of recovery for those. It was claimed on the part of the defendant that they were purchased under a warranty that they would heat the rooms. This the plaintiff denied, but admitted they did not fulfill the warranty if one was made. Upon this admission the court ruled that the evidence should be confined to the question whether the warranty testified to by defendant was in fact made, and that the defendant, having tendered $18.02 as the amount admitted to be due, could not •recover any judgment for damages against plaintiff under his plea of recoupment. The cause was submitted to the jury upon the one question of whether a warranty was in fact made, and by their verdict they found it was made, and gave judgment of no cause of action.

Defendant's counsel now insists that this action and the proceedings taken were in affirmance of the contract, and therefore all the questions were there settled which are now sought to be raised in the present suit. It appears, however, that on that trial the defendant testified that he not only tendered the amount claimed for the balance of the bill aside from the grates, but had made a demand upon the plaintiff to remove the grates. Defendant then gave no evidence, and, so far as this record shows, offered none to show the amount of his damages, if any had been sustained; and he appears to have taken no exception to the ruling of the court that he could not recover judgment against the plaintiff on account of having made the tender. It is evident from the record presented here that in the controversy in the

former suit the whole case was treated as a rescission of sale. The plaintiff's admission is evidence that it so viewed the case, and the court, from the rulings made on the trial, apparently regarded the case as one of rescission. There is no other theory upon which the defendant had a right to defeat the plaintiff's claim under the admissions made and the ruling of the trial court. If the defendant claimed upon that trial that he had a right to keep the grates and recover his damages, then it must be presumed the trial court would not have submitted the case to the jury without some proof of damages; but none was made, and the trial court adjudged it not necessary to the case as presented. Upon what theory could it be said that the damages, none having been proved, amounted to exactly the value of the grates? And yet, if the theory of defendant's counsel is adopted here, we are to hold that the trial court and the attorneys of the parties so regarded it, and that the plaintiff's admission upon that trial amounted to a concession that such was the fact. We cannot agree to such a proposition. The admission of the plaintiff cannot be so enlarged, and if it were so intended it would be a reflection upon the judgment and intelligence of the court and counsel trying that case. If the case was tried upon the theory that the defendant had the right to rescind by reason of the breach of the warranty, and had tendered the grates back to the plaintiff for that reason, then the whole course of the trial and the ruling of the trial court in this case are easily explainable. We are satisfied that this was the theory upon which the cause was tried. That cause was not, therefore, a bar to the present action, as the title to the grates had never passed to the defendant, and did not pass by reason of any action taken by the plaintiff upon the trial.

It is also contended that the plaintiff had no right to

waive the tort and sue in *assumpsit*. There is nothing in this point. It was personal property in the hands of the defendant, to which the plaintiff was lawfully entitled. He demanded it, and defendant refused to surrender the possession. The action was commenced in trover, and by stipulation of the parties the form of the action was changed to *assumpsit*. The possession of the property was obtained under contract between the parties, and the refusal to surrender upon demand amounted to a conversion for which the tort could be waived and *assumpsit* brought. *Tuttle v. Campbell*, 74 Mich. 652. The action could be maintained on the common counts (*McLaughlin v. Salley*, 46 Mich. 219), even though the declaration does not set forth the waiver of the tort (*McDonald v. McDonald*, 67 Mich. 122). We find no error in the record.

The judgment must be affirmed, with costs.

The other Justices concurred.