NEWMAN *v.* OLNEY.

ASSUMPSIT—CONVERSION BY BAILEE—WAIVER OF TORT.
    One who leaves property with a bailee, who converts it to
    his own use, may waive the tort, and sue in *assumpsit* to re-
    cover its value.

| 118 | 545 |
|-----|-----|
| d122 | 537 |
| 118 | 545 |
| 128 | 245 |
| 118 | 545 |
| f137 | 41 |

Error to Calhoun; Smith, J. Submitted October 20, 1898. Decided November 15, 1898.

*Assumpsit* by William Newman against John B. Olney to recover the value of property converted by defendant. From a judgment for plaintiff, defendant brings error. Affirmed.

*M. H. Nichols*, for appellant.

*Le Bar Tompkins*, for appellee.

MOORE, J. Plaintiff sued defendant in justice's court, and recovered a judgment. His declaration was upon all the common counts in *assumpsit*. The case was appealed to the circuit court, where, after a trial by a jury, plaintiff recovered a judgment of five dollars. Defendant has brought the case here by writ of error.

It is the claim of plaintiff that he sold his farm to defendant for $400. He claims he left upon the land eight or ten cords of cord-wood and about a thousand feet of elm logs, upon an agreement that Mr. Olney might have the logs if he would allow Mr. Newman to leave the wood until the following winter. Mr. Olney drew the wood to his house, where it was at the time of the trial, and drew the logs to the mill. It was the claim of the defendant that he not only bought and paid for the land, but that he bought and paid for the logs and wood the sum of five dollars. The trial judge, at the request of the

defendant, submitted four special questions to the jury, which they answered, and they returned a general verdict of five dollars for the plaintiff.

It is claimed by defendant the special findings are inconsistent with the general verdict, and that the general verdict should be set aside. A motion for a new trial was made for that reason. In overruling the motion, the circuit judge found that the special findings were not inconsistent with the general verdict, and that the jury were not misled as to the issues of fact in the case. The trial judge was correct in his conclusion.

It is urged that, as the defendant still has the wood in his possession, the action of *assumpsit* cannot be maintained; citing *Watson* v. *Stever*, 25 Mich. 386; *Tolan* v. *Hodgeboom*, 38 Mich. 624. The first of these cases is not in point, and the second case seems to be based upon the first one. In the case at bar it is admitted by defendant that plaintiff was the owner of the wood, but it is claimed that he sold it to defendant. It was the claim of the plaintiff, not only that he was the owner of the wood, but that he continued to be the owner of it at the time defendant converted it. His claim is, it was to be left with defendant, in consideration of plaintiff's letting defendant have the logs, until the next winter. The jury found against defendant's claim, and must have found plaintiff's version of the transaction to be true. According to both versions, it came into possession of the defendant by reason of a contract made between them. They do not agree as to what the contract was, but they both agree a contract was made. The plaintiff waived the tort. The possession of the property was obtained under contract between the parties, and the refusal to surrender the property amounted to a conversion, for which the tort could be waived and *assumpsit* brought. *McLaughlin* v. *Salley*, 46 Mich. 219; *Coe* v. *Wager*, 42 Mich. 49; *Loomis* v. *O'Neal*, 73 Mich. 582; *Aldine Manfg. Co.* v. *Barnard*, 84 Mich. 632. If the version given by the plaintiff is the true one, the defendant was the bailee for the wood. It was his

duty to deliver it to the plaintiff when he called for it. In such a case the plaintiff could sue in trover for the conversion, or, waiving the tort, might sue in *assumpsit*, and recover its value. *Tuttle* v. *Campbell*, 74 Mich. 652 (16 Am. St. Rep. 652).

Judgment is affirmed, with costs.

The other Justices concurred.