HUTCHINS v. VINKEMULDER.

1. FACTORS — PRINCIPAL AND AGENT — LIABILITY OF FACTOR FOR GOODS RECEIVED—INSTRUCTIONS.

In assumpsit on the common counts to recover the value of a quantity of pears, claimed by plaintiff to have been sold to defendants and by the latter to have been delivered to them to be sold on commission, it was error for the court, upon the ground that plaintiff was entitled to recover upon either theory of the case, to instruct the jury that mere

possession or receipt by the defendants of the goods under consignment makes them liable *prima facie* for their value.

2. SAME—ACCOUNTING—BURDEN OF PROOF.

It is the duty of a factor to exercise ordinary prudence in caring for and disposing of the property intrusted to him, and to duly account for it or its proceeds, but the burden of showing such a receipt of money as will impose upon him the duty to account is upon the principal.

3. SAME — PLEADINGS — DECLARATION — ASSUMPSIT — COMMON COUNTS.

An action based upon the common counts as for money had and received will not authorize a recovery if the defendants received the goods to be sold on commission, as claimed by them.

4. SAME—PRESUMPTIONS—EVIDENCE.

Any presumption that defendants had sold the goods and received the money, arising from the lapse of considerable time, is overcome by their uncontradicted evidence that they had received no returns from the goods.

5. SAME—ACCOUNTING—CONVERSION—PLEADING.

Neither a mere failure of the factor to account for the proceeds, nor a sale of the goods by the carrier, in the absence of evidence as to the facts of the sale, amount to a conversion of the goods by the factor, which would render him liable in an action upon the common counts alone; plaintiff's action should be based upon a breach of promise to account.

6. EVIDENCE—HEARSAY—CORRESPONDENCE.

Correspondence between a factor and his agent, for the purpose of showing what had become of the goods and what was done by defendant in the discharge of his duties, is inadmissible as hearsay.

Error to Kent; Brown, J. Submitted October 8, 1914. (Docket No. 36.) Decided September 28, 1915.

Assumpsit by Edward Hutchins against Henry J. Vinkemulder and Moses J. Dark, copartners as Vinkemulder Company, in justice's court for goods sold and delivered. Judgment for defendants and plaintiff ap-

pealed to the circuit court. Judgment for plaintiff. Defendants bring error. Reversed.

*Don E. Minor,* for appellants.

*Clapperton, Owen & Hatten,* for appellee.

PERSON, J. The plaintiff is a fruit grower near Fennville, Mich., and the defendants are copartners handling fruits and produce in the city of Grand Rapids. On or about the 4th day of November, 1911, plaintiff delivered to defendants 135 barrels of pears. An agent of defendants ordered the placing of the car, into which the pears were loaded by plaintiff, and the car was billed from Vinkemulder Company to Vinkemulder Company at Memphis, Tenn. It appears that within a few days after the shipment the parties were asserting conflicting claims as to the terms upon which the pears were delivered into the possession of the defendants. The plaintiff claimed that it was an absolute sale at $1.35 per barrel, while defendants insisted that the fruit was delivered to them to be sold on commission. Towards the last of the following January plaintiff placed the matter in the hands of an attorney, who demanded payment of defendants on the theory that the transaction was a sale and purchase. In reply to this demand the defendants informed the attorney that they had never received any returns from the car, that it was refused, that the railroad company took the fruit and sold it, and that they had entered a claim against the railroad company for the value of the property.

On January 18, 1913, the plaintiff brought this action in justice's court, declaring orally on all the common counts in assumpsit, and specially for goods sold and delivered. With the declaration he filed a bill of particulars in the following language:

November, 1911. To 135 barrels of pears at $1.35
    per barrel .................................. $182.25

Judgment passing for defendants before the justice, plaintiff took his appeal to the circuit court, where the case was again tried at the September term, 1913. Upon the trial in the circuit the parties tenaciously adhered to their adverse theories as above stated. The plaintiff testified to an absolute sale of the pears to defendants at an agreed price of $1.35 per barrel, and rested. The defendants denied a purchase of the pears, and as emphatically insisted that the pears were received by them to be sold on commission. Evidence was given by them that they had never received any returns from the pears, and that for plaintiff's benefit they had presented a claim to the railroad company for their value, placing such value at $1.75 per barrel.

For the purpose of showing what had become of the property the defendants offered in evidence telegrams from their correspondent in Memphis. Upon objection by plaintiff's counsel, these were excluded as incompetent proof of the facts sought to be established by them. After the rejection of this correspondence, the defendants offered no further or other proof as to what had become of the pears. It was not shown on what grounds the claim had been presented against the railroad company, nor why it had not been paid. What became of the fruit, after shipment from Fennville, was left entirely in the dark, so far as proof is concerned. At the close of the evidence it was insisted by his counsel that plaintiff was entitled, under the evidence, to recover upon either theory of the case, as well if the pears were to be sold on commission as if purchased outright by defendants. Against the objection of counsel the court accepted this view and instructed the jury, among other things, as follows:

"So I say that the mere possession or receipt by the defendant of the goods under consignment makes him liable *prima facie* under the arrangement of the consignment for the value of the goods; and if the defendant or any person receiving the goods under consign-

ment should simply convert them to his own use and not attempt to sell them, then the plaintiff would be entitled to recover in such case the fair market value of the goods, less the expenses involved in the ordinary marketing of the goods, and less the commission or the terms of the agreement of consignment."

And it refused to give this instruction requested by defendants:

"I charge you as a matter of law that under the pleadings of this case that if you find from the evidence that the pears mentioned in the plaintiff's bill of particulars were not sold by the plaintiff to the defendant, or that the defendant did not buy the pears as claimed by the plaintiff, but that the defendant handled said pears upon a commission, that then in such case the plaintiff cannot recover, and your verdict must be no cause of action."

The jury having returned a general verdict in favor of plaintiff, without any special findings, it becomes necessary to determine whether the court was right in permitting a recovery upon defendants' theory that the pears were received to be sold on commission. According to the claim of defendants their relation to the plaintiff was that of factors, or, as more commonly called commercially, commission merchants. They were agents of the plaintiff, and bailees in possession of his property for the purpose of selling the same and accounting for the proceeds. The plaintiff gave them no particular instructions as to the manner in which they should discharge their duties, and they assumed no obligations beyond such as ordinarily arise from the relation. Simply as factors, they were not purchasers of the property intrusted to them, and the instruction of the court that "the mere possession or receipt by the defendant of the goods under consignment makes him liable *prima facie* under the arrangement of the consignment for the value of the goods" was therefore not a correct statement of the law. This mistake was

repeated in various parts of the charge, and seems to have been the theory upon which this branch of the case was submitted to the jury.

A factor, or commission merchant, is charged with various duties arising from his employment. Among others, it is required that he exercise ordinary prudence in caring for and disposing of the property intrusted to him, and that he duly account for it or its proceeds.

"The burden of showing the existence of such a relation, and such a receipt of money or property as will impose upon the agent the duty to account, is upon the principal. When, however, this showing has been made, or when the agent voluntarily admits the receipt of the property or money, the burden of showing that he made a proper disposition of it rests upon the agent." Mechem on Agency (2d Ed.), § 1344.

Where a duty arises from the relation of the parties, there is ordinarily a promise, either implied in fact or created by operation of law, to perform that duty, and upon the breach of which an action of assumpsit may be maintained under proper pleadings. *Reeside's Executor* v. *Reeside*, 49 Pa. 322 (88 Am. Dec. 503).

But the declaration in this case is upon the common counts alone, and the proofs do not disclose such a state of facts as authorizes a recovery upon any of the common counts, if the defendants received the property to be sold on commission. After the lapse of considerable time, without any accounting, it may under some circumstances be presumed that an agent to sell goods has sold them, and an action may be maintained against him for money had and received. 1 Mechem on Agency (2d Ed.), p. 975, note. In the case at bar, however, there was no actual evidence that defendants had sold the goods, or received any money for them, and the presumption arising from the lapse of time without an accounting was overcome by their undisputed testi-

mony that they had not received any return whatever from the pears.

This court has also frequently held that, upon conversion of the property by a bailee, the tort may be waived, and an action maintained as for goods sold and delivered. This is because the bailee's possession of the property and duties relating to it result from the contract relation between the parties. *Fiquet* v. *Allison*, 12 Mich. 328 (86 Am. Dec. 54) ; *Morrison* v. *Cole*, 30 Mich. 102; *McDonald* v. *McDonald,* 67 Mich. 122 (34 N. W. 276) ; *Newman* v. *Olney,* 118 Mich. 545 (77 N. W. 9) ; *Brown* v. *Foster,* 137 Mich. 35 (100 N. W. 167). But a mere failure to account is not proof of a conversion. If the railroad company sold the pears, such sale might or might not have resulted from the negligence of the defendants. We express no opinion as to this because we do not know the facts. But a sale by the railroad company, standing alone, does not show a conversion of the property by these defendants. While the failure of defendants to properly account to plaintiff for the pears might have authorized a recovery, had the action been brought for a breach of the promise to account, we know of no theory, under the proofs in this case, whereby plaintiff can recover of defendants, as factors, upon the common counts alone.

We think that the correspondence between defendants and their agent in Memphis, by the way of telegrams and otherwise, was properly excluded. This correspondence was offered for the purpose of showing what had become of the fruit and the things done by defendants in the discharge of their duties as commission merchants. For this purpose the testimony was merely hearsay. The identical question was considered in *Framingham Manfg. Co.* v. *Barnard,* 2 Pick. (Mass.) 532, where the court said:

"No case has been cited in which the letters of a person employed by an agent have been received in

evidence to prove diligence or faithfulness in the agent."

Complaint is made of certain language used by counsel for plaintiff in addressing the jury. Inasmuch as the case must be reversed upon other grounds, it is sufficient to say that this language was unwarranted by anything that appears in the record, and ought not to have been used.

Judgment reversed, and a new trial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

This case, having been submitted on briefs, without oral argument, was reassigned after the death of Justice MCALVAY.