CHRISTIANCY, J., did not sit in this case.

## St. Jude's Church of Fentonville v. John Van Denberg.

*Services : Sexton : Implied promise : Voluntary services.*    No promise to pay for services will be implied where the circumstances not only fail to indicate that they were rendered or received for compensation, but clearly repel the idea that payment was to be made or asked for ; and the allowance of a claim for services as sexton, of one who at the time was a vestryman, and some of the time a senior warden and treasurer of the society, where the evidence clearly shows that the performance of the duty was voluntary, and that it was supposed on both sides that his service was something he was spontaneously giving from a desire to promote a cause he had at heart, and not in any extent to get money, is erroneous.

*Heard January 27.    Decided January 29.*

Error to Genesee Circuit.

*Henry C. Riggs,* for plaintiff in error.

*T. G. Smith,* for defendant in error.

GRAVES, CH. J.

The defendant in error sued on the common counts to recover a claim against the church for services and some

other matters, and the case was sent to a referee, who heard the parties and made a finding in favor of defendant in error.

Some exceptions were taken, but the circuit court sustained the doings of the referee.

The plaintiff in' error then removed the case here by writ of error. Several questions were mooted on the argument, but only a single point of any importance appears to have been saved in any form to be reviewed by this court. The referee decided that the defendant in error had a valid demand or cause of action for six hundred and thirty-four dollars and thirty-four cents, and judgment was entered for this amount, together with interest upon it from the date of the report. There was included in the sum so found by the referee, the amount of four hundred dollars allowed for Mr. Van Denberg's services as sexton, and the interest upon that sum from the 17th of December, 1870. And the validity of this allowance is, we think, subject to be considered on this record. The claim for services as sexton is made to rest entirely upon an implied agreement.

All the evidence given before the referee appears to be returned in the bill of exceptions, and the point is taken that there was none tending to show or maintain any implied promise of the plaintiff in error to pay for these services, and this position appears to be well founded. During the time of service for which he claims, he was a vestryman, and part of it, at least, senior warden and also treasurer. He also held some other places in the society and seems to have been an active and efficient member. He constantly took a leading part in the secular affairs of the church and acted as men do in such situations when no compensation is thought of on any hand, and it appears very clear upon the proof, that when he served in character of sexton he was not acting for pay, and that neither himself nor the church expected he was to be paid. The performance of the duty was plainly voluntary, and it was manifestly supposed on both sides that his service was something he was spontaneously giving from a desire to promote

a cause he had at heart, and not in any extent whatever to get money. Now, it is well settled that no promise will be implied when the implication would be repugnant to an express promise, and it is equally plain that no promise can be implied where the circumstances not only fail to indicate that the services were rendered or received for compensation, but clearly repel the idea that payment was to be made or asked for. And such is the case here. The relations of the parties, the nature of the service, and all the pertinent facts point in one direction, and they clearly establish that the defendant in error, in acting as sexton, did not work for money or pecuniary pay, and that the church, in accepting the service, did not understand that pay was to be exacted, and did not undertake to make any pecuniary return. The allowance, then, was unsupported by any evidence tending to favor it. As this item itself was wrong, it was of course improper to give interest upon it.

For this error the judgment must be reversed, with the costs of this court. But as the facts are before us, as found by the referee, it is competent to enter judgment in this court for the true amount, and that we find to be two hundred and twenty-seven dollars and forty-two cents.

Cooley, and Campbell, JJ., concurred.

Christiancy, J., did not sit in this case.