## WILLIS H. COE v. AUSTIN I. WAGER.

*Voluntary services—Waiving tort—Common interest—Work on shares.*

No one is bound to pay for volunteered services rendered under circumstances which do not fairly indicate an expectation of reward. So *held* where a man living in his father-in-law's family without paying board sued for work which he did on the latter's farm.

Under a contract by which lessees work a farm on shares, *it seems* to be their duty to deliver to the lessor his share, and not his duty to parcel their shares out to them.

One may waive trover and sue in assumpsit for property which defendant has appropriated, but he must show just what property has been so used.

Where parties live in common in expectation of the land of one of

| 42 | 49 |
|----|----|
| 73 | 588 |

| 42 | 49 |
|----|----|
| 74 | 408 |
| 74 | 663 |

| 42 | 49 |
|----|----|
| 97 | 14 |

| 42 | 49 |
|----|----|
| 118 | 546 |

| 42 | 49 |
|----|----|
| 128 | 138 |

them which the others work on shares, the latter cannot recover back from the land owner anything that was meanwhile used in the common interest. Each party would be estopped meanwhile by daily acquiescence from claiming pay for services rendered or articles consumed, and a contract to refund cannot be implied against the distinct understanding on which the parties have acted. If it was understood that property belonging to one of them should go into the common stock, he cannot claim, if anything, more than so much of it as was not consumed with his consent in the common service.

Where one who lives in his father-in-law's family without paying board, works for his father-in-law under circumstances that do not indicate that his services are to be compensated, it is for the jury to determine whether wages are due him.

Error to Wayne. Submitted Oct. 17. Decided Oct. 28.

Assumpsit on the common counts and special contract. Defendant brings error.

*Moore & Moore* for plaintiff in error. Where one lives in the house of his father-in-law without paying board, but giving voluntary services, and there is nothing to indicate that either party expects compensation, there can be no recovery for either the board or the services. *Davies v. Davies*, 9 C. & P., 87.

*Griffin & Dickinson* for defendant in error.

CAMPBELL, C. J. This suit was originally brought before a justice upon the common counts, and on a special contract whereby Coe, the defendant below, leased a farm which he owned to Wager and one William Otto, on the terms that Wager should have one-third of all the products and stock with some named exceptions,— the breach being a refusal to allow Wager to have his share, and an appropriation of it.

The case set up on the trial was for services of Wager in person and with his team during the winter and spring of 1877 from February 10 to April 1. In February, as he testified, he made a contract with Coe for working his farm whereby Coe was to furnish seed

and Wager and Otto to do the work, and each to have one-third of the yield. During the occupancy, Coe, and Wager who had just become his son-in-law, with Wager's wife and Otto, lived as one family on the farm, and seem to have furnished supplies indiscriminately. There was a difference between the witnesses as to whether the share of products was to be the net produce after deducting what was fed out and used upon the farm, or whether Wager and Otto were to have two-thirds of the gross products. In the latter part of 1877 a new arrangement was made that all should live together as one family, and put in their property together, and Otto and Wager should have the property when Coe was done with it. This arrangement continued until spring, when Wager left.

The record is very vague on several points, but enough appears to guide us to some legal results.

There is testimony tending to show that what Wager did in the way of services in the spring of 1877 was done as a volunteer, not expecting pay but only helping as any member of a family would help on a farm. He was at this time living in Coe's family and paying no board. Where such relations exist no wages are payable unless the head of the family is bound to suppose they are expected. No one is bound to pay for volunteered services rendered under circumstances which do not fairly indicate an expectation of reward. So far as this record shows, the inference that Wager and his wife should pay board is quite as natural as that which would require pay for his work. It is not claimed that any board was due, and it is certainly not so unlikely that no wages were due as to authorize that fact to be determined by the court, without leaving it to the jury. *St. Jude's v. Van Denberg*, 31 Mich., 287.

Inasmuch as it would seem the relations between the parties were such under the special contract declared on that Coe was lessor and Otto and Wager lessees, it

would seem that the duty under the lease lay on the lessees to deliver his share to the lessor, and not on him to parcel out the produce to them. Moreover it would seem this was a joint contract, and it is not clear how Wager alone could sue on it.

If he has any grievance it is that Coe got possession of some of his property and appropriated it. For this he could waive trover and sue in assumpsit, but he must show just what has been so used. Under this record, if it contains all the testimony, we do not discover on what basis any verdict could be rendered for this share. It may be there was more definite proof. The exceptions are broad enough to cover this objection.

As the case must go back for a new trial, it becomes necessary to consider another point on which we think there was a misdirection.

We think it very clear that whatever may have been the validity or invalidity of the contract that the parties should live in common in expectation of Coe's property, there can be no recovery back of anything that was by common consent used in the common interest so long as the parties lived on those terms. Each would be estopped by his daily acquiescence from claiming that he should be paid for either services rendered or articles consumed. No contract to refund can be implied in any case against the distinct understanding of the parties on which they have acted in this way. If it was understood when they made this new arrangement that the grain or other articles belonging to Wager should go into this common stock, the utmost that he can claim would be so much of it as was not consumed with his assent in the common service. If there can be any broader claim for a proportionate allowance for what he may have furnished beyond his share, (upon which we need not pass), Otto as well as Coe must be a party to such an inquiry, unless there have been dealings not hinted at in the record. These matters were not dis-

tinguished, as we think, in such a way as to guide the jury.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.