GEORGE LOOMIS v. DANIEL O'NEAL.

*Landlord and tenant—Agreement with minor to work land on shares—Tenancy in common—Assumpsit.*

1. Where a *minor* was let into possession of land, and put in crops, under a lease providing for the delivery of one-half of the crops raised to the lessor, and that the balance should belong to the minor, the relation of landlord and tenant does not exist, but the parties are tenants in common of the crops.

2. A tenant in common may maintain *assumpsit* against his co-tenant for his share of crops raised on shares, on the refusal of the latter to recognize his rights in the common property.

Error to Kent. (Montgomery, J.) Argued January 22 and 23, 1889. Decided February 1, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Maher & Felker,* for appellant, contended:

1. The relation of landlord and tenant will be dissolved when the tenant incurs a forfeiture of his lease in consequence of the breach of some condition therein contained, and the landlord re-enters or signifies his election to treat the lease as void, if it is so expressed in the lease; citing Taylor, Land. & Ten. §§ 488, 492; Wood, Land. & Ten. § 513; Gear, Land. & Ten. § 195; *Miller v. Havens,* 51 Mich. 485; and after forfeiture a court of equity may properly be appealed to, to quiet the title of the lessor against a void incumbrance set up by the lessee under the lease; citing *Pendell v. Mining Co.,* 64 Mich. 172.

2. After such forfeiture the plaintiff cannot maintain *assumpsit* upon the lease for matters arising therefrom; citing Taylor, Land. & Ten. § 492, and Michigan cases above cited.

3. So far as crops had been already secured, plaintiff's right of action, if any existed, was in tort for a conversion, and not upon the contract, which, so far as it fixed the rights of the parties, had become as though it had never existed; citing *Pendill v. Mining Co.,* 64 Mich. 172.

4. Where a tenant is guilty of a breach of any condition of his lease which forfeits his estate, he has no right to take away any of the productions of the land after his tenancy has ended; citing Taylor, Land. & Ten. § 535; 1 Wash. Real Prop. (4th ed.) 9, 135; *Samson v. Rose,* 65 N. Y. 411; *Bleecker v. Smith,* 13 Wend. 530; *Chandler v. Thurston,* 10 Pick. 205; *Welsh v. Richards,* 41 Mich. 593.

*Taggart & Denison,* for plaintiff, contended:

1. Where a farm is leased upon shares, and the owner converts to his own use the tenant's share, the latter can maintain *assumpsit* therefor; citing *Fiquet v. Allison,* 12 Mich. 328; *Coe v. Wager,* 42 Id. 49; *McLaughlin v. Salley,* 46 Id. 219.

2. There is no question of emblements, nor any relation of landlord and tenant, in this case. The parties were tenants in common of the growing crops; citing *Fiquet v. Allison,* 12 Mich. 328; *McLaughlin v. Salley,* 46 Id. 219; *Sutherland v. Carter,* 52 Id. 471.

LONG, J.    This cause was tried before Judge Mont-gomery of the Kent circuit court, without a jury, and the court found the following facts and conclusions of law:

"1. At the time suit was commenced plaintiff was a minor, aged 20 years.

"2. That on May 6, 1886, the parties entered into the agreement, set out in full in plaintiff's declaration, and thereafter, and until about October 9, 1886, the parties occupied and carried on the farm in the general manner therein specified.

"3. That during such period the said farm was not, in all particulars, farmed by the plaintiff in good, workman-like manner, and about October 7, 1886, the defendant by written notice, of which a copy is hereunto annexed and marked 'Exhibit A,' declared said contract at an end; and afterwards, and about October 10, 1886, and during plaintiff's temporary absence, the defendant took posses-sion of that portion of the house occupied by plaintiff, and excluded him therefrom, and took, and has ever since maintained, as against the plaintiff, exclusive pos-session of the entire premises.

"4. That as a result of the farming by the plaintiff of said premises, under said contract, there was at the time plaintiff was excluded from said premises, situated thereon, the following items of farm produce, then and there of the following value:

| | | |
|---|---:|---:|
| 80 bushels of apples upon the ground, worth | $20 | 00 |
| 15 bushels of potatoes, dug, worth | 6 | 00 |
| 7 tons of marsh hay, worth | 49 | 00 |
| 250 bushels of ears of corn cut up, and 25 bushels of same husked, worth | 50 | 00 |
| 7 loads of corn-stalks, worth | 14 | 00 |
| 15 bushels of oats harvested, but not threshed, worth | 5 | 70 |
| 120 bushels of potatoes in the ground, ripe and ready to dig, worth, undug | 36 | 00 |

"There was also 16 acres of winter wheat put in by the plaintiff under the contract, worth at the date, on the ground, $128.    All of this property had come into existence under and by virtue of the contract, and prior to the termination thereof had been, to some extent, in the joint possession of the parties, and then belonged an undivided one-half to each, by virtue of the contract.

"5. On October 12, 1886, plaintiff demanded of defendant one-half of each of said items, and the demand was refused, and the defendant retained, and has ever since maintained, exclusive possession, as against the plaintiff, of all the property aforesaid, and of the said farm. At the time of the demand defendant claimed there had been a breach by plaintiff of the contract, and refused to recognize any right of the plaintiff in any of said property, but offered to let him have one-half of the same, if he would pay to defendant what he (plaintiff) owed him.

"6. By reason of plaintiff's failure to farm the premises properly, defendant suffered damage to the amount of $44.40, made up as follows: Failure to properly fit ground for crops, and to cultivate same, and to secure crops and products in proper season.

"7. During the season the defendant furnished to plaintiff the following items, none of which have been paid for: Potatoes worth $6; corn worth 60 cents; pork worth $5; and wood worth $2.00,—all for the use of his family. Also seed wheat worth $9.60, used for putting in the said wheat, and hay worth $10, used for plaintiff's horses while preparing the ground for such wheat.

"8. I stated account as follows:

| | | |
|---|---:|---:|
| October 20, 1886, one-half the value of the farm produce as specified in finding 4 | | $90 35 |
| One-half the value of the wheat | | 64 00 |
| Plaintiff's claim | | $154 35 |
| Defendant's recoupment | $44 40 | |
| "        set-off | 33 20 | |
| | | 77 60 |
| Balance | | $76 75 |

"CONCLUSIONS OF LAW.

"1. Plaintiff is not entitled to recover the value of the unexpired term of the lease.

"2. Plaintiff is entitled to recover a judgment for $154.35, less $44.40 recoupment and $33.20 set-off, making a balance of $76.75, with interest at 7 per cent. from October 12, 1886.

"3. There should be deducted from one-half the value of the crops the value of all work that was necessary to be done, to secure and gather the crops and products not gathered by the plaintiff when said contract of lease was

declared at an end, and this deduction has in fact been made in arriving at the result above set forth.

"4. The value of the unharvested crops and products on the premises at the time the contract of lease was declared at an end is a proper measure of damages in favor of the plaintiff, after deducting the value of the labor necessary to secure the same, and the burden is upon the plaintiff to prove what the said crops would be worth to him, taking into consideration the value of the work and labor necessary to secure the same.

"R. M. Montgomery,
"Circuit Judge."

Judgment was entered upon these findings in favor of the plaintiff for the sum of $88.61, with costs to plaintiff. The plaintiff subsequently remitted from said judgment the sum of $5.59, the court having ordered said amount to be remitted or new trial ordered.

Counsel for defendant filed exceptions to these findings, which were overruled by the court. Defendant brings error. Nine errors are assigned, but counsel for defendant upon the argument here only insist upon the seventh, in which it is claimed that the court erred in its conclusions that the value of one-half of the unharvested crops and products on the premises at the time the contract of lease was declared at an end was a proper measure of damages in favor of the plaintiff, after deducting the value of the labor necessary to secure the same. Counsel for defendant also contend that *assumpsit* is not the proper remedy.

From the outset of the case defendant seems to have proceeded upon the theory that the relation of landlord and tenant existed between the parties. It appears, however, from the first finding of fact by the court below, that the plaintiff was a minor. The rights of the parties, therefore, must be considered as though no written lease ever existed. It was not one which defendant could enforce against a minor. The plaintiff was let into

possession of the farm, and put in the crops on shares. There is no claim made that it was agreed that his share of the crops should be forfeited by non-fulfillment of any conditions. Even if the lease was a valid one, and the plaintiff bound by its terms, it does not provide for any forfeiture of the crops by non-performance of its conditions. The relation of landlord and tenant, however, does not exist between the parties. The agreement and understanding were that the plaintiff was to have one-half of the crops planted, and to deliver over the other half to defendant. By this agreement the parties were tenants in common of the crops.

The defendant claimed a forfeiture of the written lease, and gave plaintiff notice to quit. No legal proceedings were taken by defendant to regain possession, but during the temporary absence of plaintiff the defendant surreptitiously entered and refused to recognize any rights of the plaintiff to possession, or to enter and harvest the crops; and, when demand was made by plaintiff upon him for his share, he refused to deliver them, except on condition that plaintiff would pay him what he owed him. The trial court seems to have viewed the case as one between landlord and tenant, and as though a valid lease existed between them, finding that plaintiff had forfeited the lease by non-fulfillment of certain conditions therein expressed, but permitted the plaintiff to recover for his share of the crops after deducting the costs and expenses of harvesting and securing the same, and also deducting the damages claimed by defendant by reason of what he claimed as grounds of forfeiture. It is evident that the court reached as favorable a result for the defendant as he was entitled to, and the case will not be reversed because the trial court may have given a wrong reason for his conclusions. The conclusion of law by the court below, that the plaintiff is

entitled to one-half of the unharvested crops, is correct.

It is well settled in this State that a tenant in common may maintain *assumpsit* against his co-tenant for his share of the crops. Such crops are divisible, and the share of each easily ascertained, and the refusal to recognize the right of the co-tenant amounts to a conversion. The tort may be waived, and *assumpsit* brought. It is not like the case of tenants in common of a chattel, where one has as good a right to possession as the other. *Fiquet v. Allison*, 12 Mich. 328; *Coe v. Wager*, 42 Id. 49 (3 N. W. Rep. 248); *McLaughlin v. Salley*, 46 Id. 219 (9 N. W. Rep. 256).

We find no error in the record, and the judgment of the court below must be affirmed, with costs.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. CHAMPLIN, J., did not sit.