NELSON COVEL v. JAMES TURNER.

*Master and servant—Implied promise—Assumpsit.*

1. No one is bound to pay for volunteered services rendered under circumstances which do not fairly indicate an expectation of reward. *Coe v. Wager*, 42 Mich. 51.

2. In this case it is held that the court was right in holding that there was no agreement, express or implied, to pay plaintiff for his services, and in directing a verdict for the defendant.

Error to Osceola. (Judkins, J.) Argued February 13, 1889. Decided April 12, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Charles A. Withey* and *Ransom Cooper*, for appellant, contended:

1. The sense of the jury should have been taken; citing *Jenness v. Shaw*, 35 Mich. 21; *Mason v. Dunbar*, 43 Id. 410.

2. It is for the jury, not the court, to say whether the facts are sufficient to support an implied promise; citing *Strong v. Saunders*, 15 Mich. 339; *Tallon v. Mining Co.*, 55 Id. 147; *Sines v. Superintendents*, Id. 386; *Cicotte v. Church*, 60 Id. 558.

*Sayles & Trumbull,* for defendant.

CHAMPLIN, J. It was said by this Court in *Coe v. Wager*, 42 Mich. 51 (3 N. W. Rep. 249), that—

"No one is bound to pay for volunteered services rendered under circumstances which do not fairly indicate an expectation of reward."

And, where the facts are undisputed, whether a contract for employment is made out or not is for the court.

The plaintiff at the time this suit was tried was 76 years old. He claimed that the defendant owed him for

work and labor rendered from time to time during two years or more, under the following circumstances: Defendant was engaged in the business of keeping a livery stable at Evart, Mich. The defendant and plaintiff had been neighbors, and were old friends. Several years ago the plaintiff, not having any home, but only a place where he could stay when he chose, came to the defendant's by invitation of the defendant, and brought with him a horse owned by plaintiff. Defendant told him he would keep his horse for his use, and the plaintiff could stay with him, and help around the barn. He stayed about six months at that time, and then went away. Afterwards defendant saw plaintiff in Palo, Ionia county, and said to him, "Covel, I want you to come up and stay with me, and work for me; help me;" to which he replied, "All right." Afterwards he went to defendant's, and stayed with him four or five years, doing chores around the barn, and occasionally driving a livery team, let by defendant. No bargain was made, and nothing said about any terms of employment. He was permitted to purchase from the store what he needed by way of clothes and other articles upon defendant's credit, and whenever he wanted any money he asked defendant for it, and he gave it to him. He kept a diary, which showed where he went, and what he was doing day by day, but he made no charges and gave no credits.

After he had been with defendant four or five years in this way, he concluded he would go to Dakota, where he had a daughter living, and stay with her. When he left he called for no settlement, and made no claim for wages, but defendant gave him $25 or more, and told him, if he did not like it in Dakota, to come back, and he could have a home with him as long as he lived. After staying in Dakota about six months, he returned to Evart, and saw defendant, and asked him if he wanted he should

stay with him, and work for him, and he said, "Of course." Defendant told him he could stay, and board at defendant's sister's house, and do the chores, and when they wanted him at the barn they would send for him. He testified that he went to living with defendant just as he did before. Under this arrangement he stayed over two years. A part of the time he boarded at a restaurant at defendant's expense. He did chores, and drove team occasionally, as before, and kept a diary, as usual. He was furnished his clothing, and money was given to him on his request, as before. He, however, kept a credit account of what he received, by entering the same in his diary unknown to defendant. During all this time no claim was ever made that he was working for wages, or that what he received was being credited on account of wages earned. Nothing was ever said that he should work for nothing, nor was anything said that he should receive anything for his work.

The court was right in holding that there was no agreement, express or implied, and in directing a verdict for defendant. The testimony negatives the idea that defendant expected to pay for the services, or that plaintiff expected to charge therefor until after he had quit.

The judgment is affirmed.

The other Justices concurred.