The other Justices concurred.

---

## ST. JOHN *v.* ANTRIM IRON CO.

ASSUMPSIT—CONVERSION OF TIMBER—WAIVER OF TORT.

> At common law, *assumpsit* may be maintained, at plaintiff's election, for the conversion of property into money or money's worth, or for the conversion of property which defendant held by virtue of contract relations with plaintiff. By statute (3 Comp. Laws 1897, §§ 11207, 11208), *assumpsit* also lies on behalf of one who has a right of action for the taking of timber or other trespass on lands, or for any other direct or consequential injury thereto. *Held*, that there is no authority for bringing *assumpsit* against one who merely purchased for his own use, from a trespasser, wood cut and removed from plaintiff's land.

Error to Antrim; Mayne, J. Submitted October 6, 1899. Decided December 2, 1899.

*Assumpsit* by Edgar St. John against the Antrim Iron

Company to recover the value of certain wood cut by a third person from plaintiff's land, and sold to defendant. From a judgment for plaintiff, defendant brings error. Reversed.

*T. J. O'Brien* and *James H. Campbell*, for appellant.

*Nelson C. Weter*, for appellee.

Montgomery, J. The plaintiff is the owner of the original title to the N. ½ of the N. W. ¼ of section 26, town 28 north, range 7 west, Kalkaska county. In the winter of 1896–97, one James Boussum, claiming title under a tax deed from the auditor general for the taxes of 1892, entered upon the land, and cut and removed therefrom 538 cords of wood. This wood was hauled by Boussum and his licensees to Leetsville, and there sold to defendant, who burned the same into charcoal, and used the charcoal in the manufacture of pig iron. Subsequently the tax deed was vacated by a certificate of error. The plaintiff brought this suit in *assumpsit*, and recovered the value of the wood at the place of delivery.

It is perhaps to be regretted that the case must be determined by a ruling not going to the merits of the controversy, but we feel compelled to hold that, under the facts of this case, there could be no recovery in *assumpsit*. When the defendant has converted property of the plaintiff into money or money's worth, the plaintiff may waive the tort, and sue in *assumpsit*, treating the sale as made on his behalf. So, where defendant holds possession of property by virtue of contract relations with plaintiff, and converts such property, the plaintiff may, at his election, proceed in *assumpsit*. These are the only cases in which the plaintiff has election, under the common law. *Watson* v. *Stever*, 25 Mich. 386; *Tolan* v. *Hodgeboom*, 38 Mich. 624; *Tuttle* v. *Campbell*, 74 Mich. 652 (16 Am. St. Rep. 652). Nor is the statute (3 Comp. Laws 1897, §§ 11207, 11208) broad enough to aid the plaintiff. This statute is entitled "An act to facilitate the collection of damages for

trespass on or other injuries to lands." The act provides that, in all cases where a party has a right of action for the taking of timber or other trespass on lands, or for any injury to lands, whether direct or consequential, it shall be lawful for the party having such right of action to waive the tort, and bring *assumpsit* therefor. It is apparent that the plaintiff is not seeking to recover for a trespass on lands, and that, if he were, the defendant is not shown to have had any part in the trespass, except as buying the cord-wood after its severance can be considered as trespass. We think it cannot be so treated.

Judgment must be reversed, and no new trial ordered.

The other Justices concurred.