## McCORMICK HARVESTING-MACHINE CO. *v*. WALDO.

ASSUMPSIT—PURCHASE FROM AGENT—CONTRACT RELATIONS.
  Defendant took a harvesting machine from plaintiff's local sell-
  ing agent in payment of a note given by the agent, defendant
  having no knowledge of such agency, and thereafter, on
  plaintiff's demand, refused to pay for or deliver the machine,
  though still having it in his possession. *Held*, that *assump-
  sit* would not lie to recover the value of the machine, as de-
  fendant did not acquire possession through contract with the
  plaintiff.

Case made from Ingham; Wiest, J.   Submitted June
7, 1901.   Decided July 19, 1901.

*Assumpsit* by the McCormick Harvesting-Machine
Company against Scott Waldo to recover the value of
chattels alleged to have been converted by defendant.
There was a judgment for defendant, and plaintiff assigns
error.   Affirmed.

*John W. Miner* (*Grove H. Wolcott* and *Arthur J.
Tuttle*, of counsel), for appellant.

*W. F. Cairns* (*Jason E. Nichols*, of counsel), for
appellee.

HOOKER, J.   The findings of fact in this case show that
the plaintiff's agents, Herron & Lounsbury, had in their
possession for sale the machinery to recover payment for
which the plaintiff has brought this action.   The authority
of the agents was in writing, and restricted them to sales
for cash or approved notes.   Dana held a past-due note
given by Lounsbury, and wanted to sell it to the defend-
ant, who, before purchasing the note, saw Lounsbury,
who assured him that the note was all right, but that he
would be unable to pay it before the next fall, but if de-
fendant should obtain the note, and desired any machin-

ery, he would turn him out machinery upon the note. Defendant thereupon purchased the note, and thereafter received from Lounsbury a binder and corn harvester for the note. He agreed also to turn over to Lounsbury two old machines, and to pay a small balance of account which he owed Herron & Lounsbury. Herron had nothing to do in the transaction, except that he exhibited the machinery in the implement building. The machines were started by plaintiff's agents and experts after delivery to the defendant, and were used by defendant in gathering his crop in 1899. Some time after the defendant received the machines, and after they had been so used, plaintiff's agent demanded payment for them, when defendant claimed that he had paid Lounsbury for them, and refused to pay further, and refused to deliver the machines to plaintiff's agent upon demand. The defendant made no inquiry, and had no actual knowledge of the agency. This action was then brought in *assumpsit* to recover the value of the machines, the declaration being the common counts.

The conclusions of law found by the circuit judge are as follows:

"1. Marcena Lounsbury appropriated the property of plaintiff to his own use, and paid his debt to the defendant therewith. The property having been intrusted to him for a special purpose, he committed a tort when he used it as his own to pay his individual debt.

"2. Defendant received the property of plaintiff in exchange for the note of Marcena Lounsbury, and, if it must be assumed he in law was aware of the agent's authority, he is to be held as participating in the wrong done by Lounsbury to plaintiff.

"3. There existed no contract relations between defendant and plaintiff, either express or implied, and the court cannot construe the acts done into contract relations between plaintiff and defendant. Waldo did not buy the machines of plaintiff. He received them in payment of Lounsbury's note, from Lounsbury.

"4. The tort of Lounsbury cannot be construed into a contract between defendant and Lounsbury's principal, the plaintiff.

" 5. Waldo, having become possessed of plaintiff's property by reason of the tort of plaintiff's agent, and never having converted the same into money, but still having the property, cannot be held to respond to plaintiff in the action of *assumpsit*."

The plaintiff has appealed.

The right to waive the tort and sue in *assumpsit* exists in at least two classes of cases,—one where the defendant has come into the possession of the plaintiff's property without his consent, and has received money upon a subsequent sale of the same; the other where he has come into possession through contract relations with the plaintiff, and the contract has been rescinded or failed, and he persists in keeping the property, refusing to deliver it upon demand. *Grinnell* v. *Anderson*, 122 Mich. 533 (81 N. W. 329). Manifestly this is not a case of the first class, because the defendant has not sold the property, and cannot therefore be said to have received money for the use and benefit of the plaintiff. It would seem that the case must turn upon the question whether defendant acquired possession of this property through contract relations with the plaintiff. We must take the facts as found. We cannot say that the judge should have found that defendant knew of plaintiff's ownership, or that Lounsbury was its agent, and, if we could do so, we would not be justified in saying that he knew, or was bound to know, that these particular machines were not Lounsbury's individual property. From the finding we must assume that he supposed that they were Lounsbury's property. It becomes unimportant whether we say that he bought it of Lounsbury, or took it in payment of Lounsbury's note. It was a sale and purchase in either case. But it was not a sale by the owner. It was a sale by, and purchase from, a wrong-doer, and none the less so by reason of the fact that the vendor was in the lawful possession of the property for the purposes of sale for the owner. The circumstances of the sale negative any inference of contract relations between the plaintiff and defendant. The case is ruled by *Grinnell* v. *Anderson*, 122 Mich. 533 (81 N. W. 329);

*St. John* v. *Iron Co.*, 122 Mich. 68 (80 N. W. 998). See, also, *Watson* v. *Stever*, 25 Mich. 386; *Coe* v. *Wager*, 42 Mich. 49 (3 N. W. 248); *Loomis* v. *O'Neal*, 73 Mich. 582 (41 N. W. 701); *Tuttle* v. *Campbell*, 74 Mich. 652 (42 N. W. 384, 16 Am. St. Rep. 652); *Aldine Manfg. Co.* v. *Barnard*, 84 Mich. 632 (48 N. W. 280); *Ginsburg* v. *Lumber Co.*, 85 Mich. 439 (48 N. W. 952).

The judgment is affirmed.

The other Justices concurred.