### Vernie Olson, Defendant in Error, v. Elsie Olson, Plaintiff in Error.

### Gen. No. 5563.

1. TROVER—*when lies.* Trover lies by a landlord for the wrongful conversion of crops agreed to be delivered to him as rent.

2. REMEDIES—*effect of election.* Suing in assumpsit does not preclude a party from the right by amending to change his action to one in trover.

Assumpsit. Error to the Circuit Court of Lee county; the Hon.

RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

J. W. WATTS, for plaintiff in error.

C. E. GARDNER, HENRY S. DIXON and GEORGE C. DIXON, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

Elsie Olson leased a farm to her son, Vernie Olson, for the year 1909, for a share of the crops. He took possession, put in a crop and cultivated it. Afterwards difficulties arose between them, and on August 6, 1909, they entered into a written agreement, whereby each party should select an appraiser, and the two appraisers should select a third, and on or about October 1, 1909, the three were to decide the value of the standing corn, and she was then to pay her son half the value thereof. He was to cut and have threshed the timothy, each party to have half the seed, and to pay half the machine hire for threshing the same. He cut and threshed the timothy and paid half the machine hire and also selected an appraiser. She did not, and no appraisement was had. She drove him from the premises at the point of a gun and appropriated his share of the corn, and also some hay and potatoes. He brought this suit in *assumpsit* in the Circuit Court of Lee county and afterwards, by leave of court, amended the *praecipe,* summons and declaration, changing the form of action from *assumpsit* to trover. The amended declaration averred that he was lawfully possessed of six tons of hay, 40 bushels of potatoes, and an undivided half interest in 40 acres of corn, and that she converted the said chattels to her own use. He obtained a verdict and a judgment of $400. She sued out this writ of error to review the judgment.

It is contended that trover will not lie for the corn since by the contract it became the property of plaint-

iff in error, and her liability, if any, was in *assumpsit;* that at most trover would only lie for the hay and potatoes. By the terms of the lease the parties had an undivided half interest in all of the crops, except the potatoes, which belonged to defendant in error. The written agreement in a measure ratified the lease, and provided a means whereby the rights of the parties in the crops might be ascertained. The corn would not become the property of plaintiff in error until it was appraised, and she had paid for it. By her refusal to have it appraised, it remained the property of the parties jointly. A contract to cultivate the land on shares is usually regarded as constituting the parties tenants in common of the crops so raised, but not joint tenants or tenants in common of the land. While an agreement to cultivate land on shares may create a tenancy in common of the crops, it is not necessarily inconsistent with the relation of landlord and tenant. 24 Cyc. p. 1471. Such crops are divisible and the share of each easily ascertained and the refusal to recognize the right of the co-tenant amounts to a conversion. It is not like the case of tenants in common of a chattel where one has as good a right to the possession as the other. Fiquet v. Allison, 12 Mich. 328; Loomis v. O'Neal, 73 Mich. 582. "Trover is the form of action prescribed by the common law where damages are demanded for specific personal property which has been wrongfully appropriated, or, in more technical language, converted to the use of any other than its rightful owner." 2 Sedgwick on Damages, 8th Ed., Sec. 492.

Chapter 76, Sec. 2, Hurd's R. S. provides:

"If any person shall assume and exercise exclusive ownership over, or take away, destroy * * * or otherwise injure or abuse any property held in * * * tenancy in common, the party aggrieved shall have his action of trespass or trover for the injury, in the same manner as he would have if such * * * tenancy in common did not exist."

In our opinion plaintiff in error's contention that trover did not lie for the conversion of the corn is not tenable.

Counsel for plaintiff in error says that if she was guilty of converting the hay and potatoes, that by bringing the suit originally in *assumpsit,* defendant in error elected to waive the tort, and he could not change the form of action to trover. "The circumstance of a party having elected one of several remedies by action will not in general preclude him from abandoning such suit, and after having discontinued it, he may adopt any other remedy." 1 Chitty's Pl., 14th Ed., 212. Since the adoption of Sec. 1, Chap. 7, Hurd's R. S. which provides, "The court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance," it has not been necessary in order to change the form of the action, to dismiss the proceeding. See also Sec. 39 of the "Practice Act." The trial court had the authority to grant the leave to amend, and defendant in error had the right to elect whether he would proceed in *assumpsit* or in trover. T. W. & W. R. W. Co. v. Chew, 67 Ill. 378; City of Elgin v. Joslyn, 136 Ill. 525. His first election to proceed in *assumpsit* did not, in our opinion, deprive him of the right to an amendment and the subsequent election to proceed in trover.

The evidence shows that defendant in error was repeatedly driven from the premises by his mother and that she converted to her own use his undivided interest in the corn and hay as well as the potatoes, wholly owned by him. The amount allowed by the jury for compensation therefor is amply supported by the proof. Her claims are utterly devoid of merit. She makes no denial of any essential element of defendant in error's claim.

The judgment is therefore affirmed.

*Affirmed.*