*In re* KAISER ESTATE.

CLAIM OF SULLIVAN.

1. WITNESSES — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED — EVIDENCE.
   Testimony of plaintiff was properly excluded in her proceeding to recover compensation for use of her apartment and garage by deceased and for personal services rendered to him, where such testimony related to matters that, if true, were equally within the knowledge of deceased (CL 1948, § 617.65).

2. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—BURDEN OF PROOF.
   A claimant against the estate of a deceased person for services rendered to the latter has the burden of proof to establish by competent evidence an implied contract obligating the deceased to compensate the claimant for services rendered.

3. WORK AND LABOR—IMPLIED CONTRACTS—EXPECTATION OF TESTAMENTARY REQUEST.
   An expectation by a party who performs a service for another by way of storing personal property for the latter with the

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 214 *et seq.*
[2] 21 Am Jur, Executors and Administrators §§ 327, 383.
[3-9] 21 Am Jur, Executors and Administrators § 327; 58 Am Jur, Work and Labor § 7.

expectation that the latter would leave property by will would furnish no basis for a finding of an implied contract.

4. Estates of Decedents—Claims Against Estates—Request for Payment.

A claimant's failure to request compensation for storage of personal effects of deceased during his lifetime is not consistent with her claim that she expected that deceased would compensate her for the services rendered.

5. Same—Claims Against Estates—Implied Contracts—Evidence —Value.

A claimant against an estate of a deceased person raises a contract implied in fact by a showing that when services were performed she, at the time, expected compensation from the decedent who expected to pay therefor, and it is essential that the claimant establish by competent evidence the fair amount of each item for which compensation is claimed.

6. Same—Claims Against Estates—Implied Contract—Intention as to Compensation.

Statement of a decedent to a third person evidencing a testamentary intent to leave property to claimant for services latter had rendered without requesting compensation from decedent during his lifetime *held*, insufficient to serve as a basis for an implied contract, the test being whether payment was understood and intended and naturally anticipated.

7. Contracts—Volunteered Services.

One is not bound to pay for volunteered services rendered under circumstances which do not fairly indicate an expectation of reward.

8. Estates of Decedents—Claims Against Estates—Admissions.

An unsigned document in decedent's handwriting which would have left a part of the remainder of his estate to claimant for services rendered by way of storage of personal effects in plaintiff-claimant's apartment, basement and garage *held*, not an admission, where the document contains nothing to indicate the writer considered himself obligated in any way to claimant.

9. Same—Claims Against Estates—Evidence.

Finding of referee, probate judge and circuit judge that plaintiff had failed to substantiate her claim for services rendered in storage of decedent's personal effects in her apartment, basement and garage *held*, not against the weight of the evidence, statement by decedent to his nephew that claimant knew she would get paid being insufficient to raise implication of in-

tention to make monetary payment, where decedent did painting and carpenter work for claimant.

10. EVIDENCE—HYPOTHETICAL QUESTION—STATEMENT OF FACTS.
    An answer to hypothetical question to real-estate man as to value of service rendered by claimant to decedent in the storage of some of latter's personal effects in her apartment, basement and garage and for use of her living room, *held,* insufficient to fix value even if implied contract were established, where there was a failure to state the facts with proper accuracy and clarity.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted June 4, 1959. (Docket No. 39, Calendar No. 48,007.) Decided July 13, 1959.

Florence Sullivan filed her claim in the estate of William R. Kaiser, deceased, for rental value of portions of apartment premises. Claim disallowed in probate and circuit courts. Plaintiff appeals. Affirmed.

*Charles A. Bryan,* for plaintiff.

*Carl P. Roehl (Costello, Sullivan & Barkey,* of counsel), for defendant estate.

CARR, J. In August, 1950, the decedent, William R. Kaiser, removed from his prior home on Meldrum avenue in the city of Detroit to a residence on Outer drive. He was at the time in possession of a quantity of personal property, part of which he took with him to his new home, the balance being stored in a 2-family residence owned by Florence Sullivan, herein referred to as the plaintiff, at 12039 Wade street in Detroit. It appears that plaintiff occupied an apartment on the second floor of her building, the lower apartment being rented to a tenant, and that there was a double garage constituting a part of

the premises, 1/2 of which was used by the said tenant.

Some of Mr. Kaiser's personal effects, consisting of clothing, books, and hunting and fishing equipment, were stored in plaintiff's apartment, a utility room and closets being utilized for that purpose. Whether such use was exclusive does not appear. Other articles were stored in the basement, a portion of which the tenant occupying the first floor was entitled to use, and a boat was placed in a portion of the garage not rented. It further appears that Mr. Kaiser made some use of plaintiff's apartment for the purpose of entertaining friends and for consulting with others on business matters. A portion of the stored articles was removed in 1953, the balance remaining until after the death of Mr. Kaiser in January, 1956.

Proceedings having been instituted in the probate court of Wayne County for the administration of Mr. Kaiser's estate, the plaintiff filed a claim seeking compensation as follows:

"For use and occupation of basement room, utility room and garage for storing of miscellaneous personal property from August 1950 to January 25, 1956 (including personal use and occupation of entire upper flat), at $60 per month. That $60 per month is reasonable value of space occupied
$3,960.00."

It may be noted that the words in parentheses were not contained in the claim as originally filed but were subsequently added by amendment. Plaintiff also sought recovery for laundry services asserted to have been performed by her for Mr. Kaiser from September, 1950, to January, 1956, but such portion of the claim is not urged on this appeal.

Proofs with reference to plaintiff's claim were taken before a referee appointed by the probate

court, and a transcript of the testimony, together with the referee's recommendations, was duly filed. The referee concluded that there was insufficient competent evidence to support plaintiff's alleged right to recover, and made recommendation accordingly. The judge of probate agreed with the referee and an order was entered denying the claim. On appeal the matter was, by stipulation of the parties, submitted to a circuit judge for determination on the probate file, including the testimony taken before the referee. Following argument and consideration of the proofs the judge filed an opinion in which he indicated that plaintiff had not established her right to recover, that the controversy had been determined correctly by the judge of probate, and that the estate was entitled to judgment. An order was entered accordingly and plaintiff has appealed, insisting that under the evidence she should have been permitted recovery.

There is nothing in the record before us tending to show that at the time Mr. Kaiser stored the property in question in plaintiff's house and garage any agreement, either express or implied, was reached concerning payment for the use of portions of plaintiff's apartment and the half of the garage not rented to the tenant of the lower flat. There is no proof of any conversation or acts of such nature as to furnish a basis for a determination as to the intention of the parties at the time.

The principal question in the case arises from plaintiff's insistence that the circumstances disclosed by the record were of such nature as to fairly indicate that Mr. Kaiser expected to pay for the accommodation that he received, and that plaintiff expected to receive reasonable compensation. On the taking of the testimony objections were interposed by counsel representing the administrator of the

estate to testimony of plaintiff concerning matters that, if true, were equally within the knowledge of the deceased. It is not questioned that such objections were well-founded. CL 1948, § 617.65 (Stat Ann § 27.914). All testimony appearing in the transcript offending the statutory rule was properly rejected by the referee, the probate court, and the circuit court. The burden of proof rested on plaintiff to establish her claim by competent evidence sufficient to show an implied contract obligating Mr. Kaiser to compensate her for services rendered.

There is no proof before us indicating that plaintiff at any time requested that Mr. Kaiser pay her for the privilege of storing his personal property in her house and garage. In answer to a question of the referee, she admitted that she had not made any such demand. She further explained, in answer to her counsel's question, that she anticipated that Mr. Kaiser would by his will leave property to her. Her hope, or expectation, in this regard was not realized. Such an expectation on her part furnished no basis for a finding of an implied contract. Plaintiff's failure to request compensation during the lifetime of Mr. Kaiser is scarcely consistent with a claim that she expected that he would pay her for the services rendered. *In re Pierson's Estate,* 282 Mich 411, 415.

It is a fair inference from the record that plaintiff and Mr. Kaiser were on friendly terms, and that such fact prompted her to allow him to store some of his personal effects in her apartment and garage. It does not appear that her occupancy and use of the premises were interfered with to her material prejudice. Neither does it appear that she sustained any financial loss in connection with the storage service rendered by her to Mr. Kaiser. The factual situation here presented differs materially from that in *In re Jorgenson's Estate,* 321 Mich 594, in which

this Court, referring to prior decisions, indicated general principles to be applied. Of significance is the language quoted (p 598) from the opinion in *In re Pierson's Estate, supra,* that:

" 'A contract implied in fact arises when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor.' "

Likewise, in *In re Dolgy's Estate,* 338 Mich 567, 574, it was stated that:

"It is also essential that claimant prove that the services rendered and money expended were done with the expectation and intent on the part of each of them that claimant would be compensated therefor. It is also essential that claimant establish by competent evidence the fair amount of each item for which he claims compensation pay."

In *In re Spenger Estate,* 341 Mich 491, the facts were analogous to those in the case at bar. There plaintiff filed a claim against the estate of a decedent on the theory of an implied contract. It appeared that decedent had made a will in plaintiff's favor designating him as sole beneficiary thereunder. Plaintiff was aware of the nature of the will which, however, was subsequently changed by codicil. There was also testimony from a witness who stated that decedent said that she was going to leave her home to plaintiff because he had been so good to her. Referring to the rule above quoted from *In re Pierson's Estate, supra,* it was said (pp 493, 494):

"Such facts were not shown here. In the *Pierson Case,* in denying plaintiffs' claim for the value of services on implied contract, this Court further said (p 418), on the authority of *Estate of Miller,* 136 Pa 239 (20 A 796):

" 'That when one renders personal services to another merely upon the expectation of a legacy promised without a contract obligation, the promisee takes his chances on receiving the legacy, and, if his expectations are disappointed, he can recover nothing.'

"Hence, plaintiff's knowledge of the provisions of decedent's will benefiting him and even statements by decedent to a third person evidencing a testamentary intent to leave the home to plaintiff because he had been so good to her are insufficient to serve as the basis for an implied contract. The test is whether payment was understood and intended, *Spence* v. *Sturgis Steel Go-Cart Co.*, 217 Mich 147; whether it was naturally anticipated, *Miller* v. *Stevens*, 224 Mich 626. An agreement to pay cannot be implied from the mere fact that services were rendered. *Godfrey* v. *White*, 43 Mich 171; *Notley* v. *First State Bank*, 154 Mich 676.

" 'No one is bound to pay for volunteered services rendered under circumstances which do not fairly indicate an expectation of reward.' *Coe* v. *Wager*, 42 Mich 49, 51.

"Where the testimony fails, as here, to show that the defendant expected to pay and that the plaintiff expected to charge for the services at the time they were rendered no implied contract to pay arises. *Covel* v. *Turner*, 74 Mich 408. The finding of the trial court was not against the clear preponderance of the evidence."

In an attempt to show that Mr. Kaiser had acknowledged liability to pay her compensation for the storage space furnished to him, plaintiff offered in evidence a writing claimed to have been prepared by Mr. Kaiser in the general form of a will, in which it was stated that plaintiff should receive decedent's automobile and, subject to other specific bequests, 3/10 of the remainder of his estate. However, the paper was not signed and, in fact, Mr. Kaiser made

no testamentary provision for plaintiff's benefit. If he had intended to do so at one time it is apparent that he changed his mind. It may be noted that nothing in the exhibit offered by plaintiff indicated that the writer considered himself obligated in any way to plaintiff. In other words, the unsigned paper may not be regarded as an admission of indebtedness because of any services that may have been rendered by plaintiff to Mr. Kaiser.

Objection was made to the exhibit, and properly so under the holding of this Court in *Oliver* v. *Jessup's Estate,* 137 Mich 642, 645. There it was shown that Mr. Jessup had made a will, to which some years later he attached a written statement in terms giving to plaintiff the sum of $500 and certain personal property. Commenting on the admissibility of the writing, it was said:

"It is said this was in the nature of an admission that the services were regarded by Mr. Jessup as worth $850 at least, and this was so argued to the jury. This paper was not signed by Mr. Jessup. It is not shown under what circumstances he wrote it— whether he expected it would take the place of the lease or whether it was a voluntary gift. It is clear that, whatever he had in mind, he did not see fit to give it effect by attaching his signature. It should have been excluded."

The exhibit in Mr. Kaiser's handwriting may not be construed as supporting plaintiff's claim of a right to recover on the theory of an implied contract. No admission of liability was made thereby. It is quite possible that Mr. Kaiser had in mind at the time he wrote the provisions in the exhibit the making of some provision by will for plaintiff's benefit. If such was the case he did not carry out his intention, which may at the time have been prompted solely by the friendly relations between the parties.

Plaintiff also relies on a statement claimed to have been made by William R. Kaiser to his nephew, with reference to the storage of the property in question, to the effect that the plaintiff "knows she will be paid." Such statement may not be regarded as indicating recognition of an implied contract. If Mr. Kaiser had in mind at the time of the alleged conversation with his nephew, in the summer of 1953, the making of some provision by will for plaintiff's benefit, he did not carry out such intent. Neither does the statement, if made, imply that he intended to make monetary payment for the privilege of storing some of his effects in plaintiff's residence. The testimony of the nephew indicates that at one time he worked with his uncle in doing painting and carpenter work on plaintiff's house. The witness was paid, but whether William R. Kaiser was likewise paid by plaintiff does not appear. If services of the character suggested were rendered by decedent to plaintiff from time to time, it is a permissible inference that it was his thought that what he was doing for her would offset her act in allowing him to store his effects in the manner indicated. The entire situation is left by the proofs in the realm of conjecture. It may not be said on the record before us that the referee, the probate judge, and the circuit judge hearing the matter on appeal were in error in concluding that the proofs submitted on behalf of plaintiff were not sufficient to authorize allowance of the claim. The finding was not against the weight of the evidence.

If it be assumed that the proofs offered by plaintiff were sufficient to establish the existence of an implied contract of the nature claimed by her, the further fact appears that there was a failure to prove the fair compensation for the service rendered. In an attempt to show such value plaintiff

called as a witness a real-estate broker of extended experience, who had not viewed the premises but to whom there was propounded a hypothetical question as to the value of the storage space indicated therein to have been used by Mr. Kaiser. The question, to which objection was interposed, was so worded as to indicate that Mr. Kaiser had the use of the entire basement and of a garage, as well as a second-floor apartment where his goods were stored. It omitted any reference to the fact that the tenant of the lower flat had the use of a part of the basement, that plaintiff occupied the second floor apartment as her home, that the service rendered to Mr. Kaiser was not shown to have interfered with such occupancy, and that decedent actually lived on Outer drive. The testimony of the witness indicates that he was somewhat confused, and that he had answered the hypothetical question on the assumption that Mr. Kaiser lived in the apartment where his personal effects were stored. It may be noted also that the question did not indicate whether the occupancy of the closets and utility room was such as to exclude any use thereof by plaintiff, nor was the extent and frequency of the use of the living room and kitchen by Mr. Kaiser set forth with any degree of particularity. It may be assumed that plaintiff was not deprived of the free and full use of her apartment. In any event the proofs do not disclose any objectionable interference with her rights.

In answer to the question plaintiff's witness expressed the opinion that $60 per month would constitute a fair rental. We think it obvious that the hypothetical question was open to objection for failure to state the facts with proper accuracy and clarity, and was so worded as to create uncertainty in the mind of the witness as to the extent of the

use made by decedent of the facilities made available to him. Obviously the fair rental value of the upper apartment, considered in its entirety, did not constitute the measure of damages, assuming plaintiff entitled to recover on the theory of an implied contract. The essentials of a proper hypothetical question were considered in *Bosch* v. *Damm,* 296 Mich 522. The answer to the question propounded in the instant case may not be regarded as sufficiently indicating the amount of recovery under an implied contract of the character claimed by plaintiff. However, as before indicated, the proofs were insufficient to establish such contract.

The holding of the trial judge on the issues in the case may not be said to be against the weight of the evidence. We are impressed that the affirmance of the order of the probate court is fully supported by the record. The judgment entered is accordingly affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.